**Edward R. Petkevis Esq.**
**Edward R. Petkevis PC**
**1380 Hornberger Ave.**
**Roebling, NJ 08554**
**(609) 499-4300**
**EP 6940**
**ATTORNEY FOR PLAINTIFFS**
**JOSHUA ROSS and TARA ROSS**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| JOSHUA ROSS and TARA ROSS<br><br>Plaintiff(s)<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, and/or JOHN DOE 1-50 and/or ABC CORP. 1-50<br><br>Defendant(s) | Civil Action No.<br><br><br><br>**COMPLAINT** |

The complaint of Joshua Ross and Tara Ross, by their attorney Edward R. Petkevis, Esq., allege upon information and belief as follows:

1. Plaintiffs, Joshua Ross and Tara Ross reside at, 83 Georgetown Boulevard, Barnegat, New Jersey, 08005, and are residents and citizens of the United States of America.

2. Defendant, The United States of America, is a sovereign nation and was at all times herein the owner and operator of the vessel at issue, the CGC HARRIET LANE (WMEC 903).

3. JOHN DOES 1-50 are individuals who’s identities are currently unknown, and whose identities could not be ascertained through the exercise of reasonable care, but are identified herein to preserve plaintiff’s cause of action against said individuals in the

event it is discovered that said individuals caused or contributed to cause the accident and/or the plaintiff's injuries or who are otherwise responsible for the damages suffered by plaintiff.

4. ABC CORP. 1-50 are corporations or business entities who's identities are currently unknown, and whose identities could not be ascertained through the exercise of reasonable care, but are identified herein to preserve plaintiff's cause of action against said defendants in the event it is discovered that said defendants caused or contributed to cause the accident and/or the plaintiff's injuries or who are otherwise responsible for the damages suffered by plaintiff.

5. The United States CGC HARRIET LANE is a multi-mission Coast Guard cutter 270 foot medium-endurance cutter home ported at the BSU in Portsmouth, Virginia.

**JURISDICTION**

**ADMIRALTY**

6. This action is brought by a Longshoreman under the Longshore and Harbor Workers Compensation Act; 33 U.S.C. §905(b) in that the negligence alleged against The United States of America occurred in its capacity as vessel owner of CGC HARRIET LANE.

7. This action is brought against the United States of America in its capacity as owner of CGC HARRIET LANE under the Suits in Admiralty Act, 46 USC 741, et seq.

8. This action is brought against the United States of America in its capacity as owner of CGC HARRIET LANE under the Public Vessels Act, 46 USC 781, et seq.

9. To the extent non-maritime claims may be involved in this action, such claims fall within the supplemental jurisdiction of this Honorable Court.

**COUNT I**

10. On or about August 16, 2009, the Plaintiff Joshua Ross was an employee of Bailey Refrigeration.

11. In the course and scope of his employment, the Plaintiff, Joshua Ross, was working as a longshore and/or harbor worker on a vessel known as the CGC HARRIET LANE, situated on navigable waters off of the City of Portsmouth, State of Virginia, United States of America.

12. Defendant, The United States of America, was the owner and operator of the CGC HARRIET LANE.

13. On August 16, 2009, plaintiff was involved in an accident on said vessel when the hatch on the vessel slammed shut on his left hand, severing the long and ring finger of the left hand and requiring a tendon repair and pinning of the small finger, and otherwise severely injuring the left hand.

14. The defendants The United States of America, owed plaintiff a duty of reasonable care and the turnover duty of safe condition, the turnover duty to warn, the active involvement duty, the active control duty, the duty to intervene and/or the duty to supervise and inspect.

15. The defendant breached one or more of the prescribed duties, resulting in the injuries alleged.

16. By reason of the negligence alleged, the plaintiff sustained severe and permanent personal injuries, including but not limited to, severe and debilitating internal and external injuries, severed fingers, bruising and scarring, emotional and mental damage,

pain, suffering and disability, both temporary and permanent, and was otherwise injured and damaged and has been caused to suffer a loss and diminishment of earning capacity as well as having to expend great sums of money for medical care and attention.

WHEREFORE, Plaintiff, Joshua Ross, demands Judgement against the Defendant, The United States of America, for compensatory damages, interest and costs of suit and any other relief deemed appropriate by this Court.

**COUNT II**

17. The allegations set forth in Count I are re-pleaded herein as if fully set forth in this Count II.

18. John Doe 1-50 and ABC Corp. 1-50 represents a fictitious name of one or more Defendants whose true name is presently unknown to the Plaintiff but is generally identified herein in order to preserve the Plaintiff's rights against such individual.

19. John Doe 1-50 and ABC Corp. 1-50 represent the following descriptions of persons and/or entities that may be liable to the Plaintiff but whose specific identity is presently unknown:

    1. A person or entity who owned, controlled and/or operated the vessel CGC HARRIET LANE, on or about August 16, 2009.

    2. A person or entity who was responsible for the operation and inspection of the vessel and its appurtenances;

    3. All successors in interest to the person described in sub-paragraph 1-2 above.

20. As a direct and proximate result of the aforesaid negligence by the Defendant, John Doe

1-50 and ABC Corp. 1-50, as set forth in this count and Count I, the Plaintiff has suffered personal injury, loss of income, loss of employment opportunity, pain and emotional distress, all of which damages Plaintiff will continue to suffer in the future.

WHEREFORE, Plaintiff, Joshua Ross, demands Judgement against the Defendants, JOHN DOE 1-50 and/or ABC CORP. 1-50 for compensatory damages, plus interest, costs of suit, and any other relief deemed appropriate by this Court.

## COUNT III

21. The allegations contained in Counts I through II, inclusive, are re-pleaded herein as if fully set forth in this Count III.

22. The Defendants, The United States of America, and John Doe 1-50 and ABC Corp. 1-50 are jointly, severally and/or in the alternative liable to the Plaintiff for his injuries.

WHEREFORE, Plaintiff, Joshua Ross, demands Judgement against the Defendants, The United States of America, and John Doe 1-50 and ABC Corp. 1-50 , jointly, severally and/or in the alternative, for compensatory damages, interest, costs of suit, and any other relief deemed appropriate by this Court.

## COUNT IV

23. The allegations contained in Counts I through III, inclusive, are re-pleaded herein as if fully set forth in this Count IV.

24. As a result of the accident, Plaintiff Joshua Ross sustained significant and permanent personal injures.

25. As a result of the accident, plaintiff, Tara Ross, the wife of Joshua Ross, suffered from loss of society and consortium due to the injuries to her husband.

26. WHEREFORE, Plaintiff, Tara Ross, demands Judgement against the Defendant, The United States of America, for compensatory damages, interest, costs of suit, and any other relief deemed appropriate by this Court.

/s/ Edward R. Petkevis

Edward R. Petkevis, Esq.
EDWARD R. PETKEVIS PC
1380 Hornberger Ave.
Roebling, NJ 08554
admiraltylaw@earthlink.net

Dated: March 2, 2010